JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
KELLY R. GRAF (Bar No. 301325)
Kelly.graf@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR STEVEN PULBROOK, an individual; MARTIN KOLKIN, an individual; CHRISTIAN ADAIR MAYS, an individual; EBONY WALLACE, an individual; THOMAS DRAWDY, an individual; and MACKENZIE LOVING, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00469<br><br>**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453**<br><br>[From the Superior Court of California, County of Santa Clara, Case No. 23CV427954] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**:

PLEASE THAT NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE MUTUAL" or "Defendant") hereby files its Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California. In support of its removal, Defendant respectfully offers the following:

## I. BACKGROUND

1. On December 20, 2023, Plaintiffs Taylor Steven Pulbrook, Martin Kolkin, Christian Adair Mays, Ebony Wallace, Thomas Drawdy and Mackenzie Loving ("Plaintiffs") filed a civil action, on behalf of a putative California Class, captioned *Taylor Steven Pulbrook, Martin Kolkin, Christian Adair Mays, Ebony Wallace, Thomas Drawdy and Mackenzie Loving, on behalf of themselves and all others similarly situated v. Nationwide Mutual Insurance Company, an Ohio Corporation, and Does 1-100*, inclusive, Santa Clara County Superior Court Case No. 23CV427954 ("State Court Action").

2. The sole named defendant in the action is Nationwide Mutual Insurance Company.

3. Plaintiffs allege a single cause of action against Nationwide for violation of California Civil Code § 1670.8. (Compl. ¶¶ 47–56). The Complaint alleges that in order to "use and benefit from [Nationwide's] Site, visitors and users of the Site are informed that they must agree to Nationwide's [website's] Terms and Conditions of Use. (*Id.* ¶ 5). Specifically, Plaintiffs allege that Nationwide requires users of the Site "to agree that any comments, statements or materials made on or posted to the Site … 'will not contain any content that is…threatening, defamatory,

1 derogatory, counter to Nationwide's Privacy Policy, or otherwise injurious to
2 Nationwide or third parties.'" (*Id.* ¶ 6).  Plaintiffs claim this language "stifles
3 California consumers' right to free speech" in violation of Civil Code § 1670.8.  (*Id.*
4 ¶¶ 4–7).

5    4. On December 26, 2023, a copy of the Summons, Complaint, and
6 associated papers were personally served on Nationwide's registered agent for
7 service of process. Pursuant to 28 U.S.C. § 1446(a), all of the pleadings and papers
8 filed and served upon Nationwide in the State Court Action, including the
9 Complaint, are attached as **Exhibit A**.

10    5. Nationwide is filing this Notice of Removal within thirty (30) days of
11 the service of Plaintiff's Complaint on it in this action, and thus removal is timely
12 under 28 U.S.C. § 1446.

13    6. The State Court Action is removable to this Court, and this Court has
14 jurisdiction over this action, under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446,
15 and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements
16 under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories
17 (which Nationwide disputes, but which control for removal purposes): (1) the parties
18 are minimally diverse; (2) the amount in controversy exceeds the $5,000,000
19 jurisdictional threshold; (3) the proposed class consists of more than 100 putative
20 class members; and (4) the exceptions to CAFA preventing removal do not apply.

21 **II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA,**
22   **28 U.S.C. § 1332(d).**

23    7. Plaintiff brings this case as a putative class action pursuant to California
24 Code of Civil Procedure § 382.  (Compl. ¶ 27).  In particular, Plaintiff filed this
25 putative class action Complaint on behalf of:
26  "During the fullest period allowed by law, all persons residing in
27  California who visited or used the Site or completed transactions on
28  the Site." (*Id.*)

- 3 -

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

8. CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

9. In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81 (2014).

### B. Minimal Diversity Exists.

10. CAFA requires minimal diversity – at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, all putative class members are citizens of the State of California. Specifically, Plaintiffs "bring this class action on their own behalf and on behalf of all other similarly situated consumers in California" who visited, used or completed transactions on Defendant's website, http://www.nationwide.com. (Compl. ¶ 27.) "[A] person's place of residence . . . is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th

Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (same).

11. In fact, the putative class contains at least six putative class members who are expressly identified as citizens of the State of California, namely, Plaintiffs Taylor Steven Pulbrook, Martin Kolkin, Christian Adair Mays, Ebony Wallace, Thomas Drawdy and Mackenzie Loving. (Compl. ¶¶ 11–16); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. . . ."); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

12. For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Nationwide is a corporation incorporated under the laws of the State of Ohio. *See* Declaration of Mark E. Hartman ("Hartman Decl.") ¶ 3.

13. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

14. Nationwide's officers direct, control, and coordinate Nationwide's activities from its headquarters in Columbus, Ohio. *See* Hartman Decl. ¶ 4. Thus, Nationwide's principal place of business is in the State of Ohio. Because Nationwide is a citizen of Ohio, and because all putative class members are citizens of California, minimal diversity exists.

15. The citizenship of the alleged, fictitious Doe Defendants are not considered for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of fictitious names shall be disregarded.").

16. Accordingly, this action involves "citizens of different States," 28 U.S.C. § 1332(c)(1), and removal of this action is proper under 28 U.S.C. §1441(b).

### C. The Putative Class Exceeds 100 Members.

17. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiffs allege that the class is comprised of class members that number "*in the tens of thousands or hundreds of thousands*." (*See* Compl. ¶ 31 (emphasis added).)

### D. The CAFA Amount-in-Controversy Requirement is Satisfied.

18. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff -- not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'").

19. Here, based upon Plaintiffs' allegations and theories (which Nationwide disputes, but which control for removal purposes), the $5,000,000 amount in

controversy requirement is satisfied. Plaintiffs' prayer for relief seeks for Plaintiffs and each member of the putative class, statutory damages for violations of California Civil Code § 1670.8.

20. Section 1670.8 provide that "[a]ny person who violates this section shall be subject to a civil penalty not to exceed two thousand five hundred dollars ($2,500) for the first violation, and five thousand dollars ($5,000) for the second and for each subsequent violation…" Cal. Civil Code § 1670.8.

21. The Complaint alleges that the class is comprised of class members that number "in the tens of thousands or hundreds of thousands." (*See* Compl. ¶ 31.) Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (*i.e.*, $2,500 in statutory damages per violation multiplied by 10,000 putative class members alone equals $25,000,000).

22. The exceptions to CAFA preventing removal do not apply here.

### IV. REMOVAL TO THE NORTHERN DISTRICT IS PROPER

23. This Notice of Removal is filed within thirty days of December 26, 2023, when Nationwide was served with he Summons and Complaint in the State Court Action. Thus, this Notice of Removal is timely filed in accordance with 18 U.S.C. § 1446(b).

24. The United States District Court for the Northern District of California embraces the county and court in which Plaintiffs filed this case. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(a).

25. Pursuant to 28 U.S.C. § 1446(a), Nationwide has attached as **Exhibit A**, a copy of all process, pleadings and orders served upon it in the State Court Action.

26. Nationwide will promptly serve Plaintiffs with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Santa Clara, as required by 28 U.S.C. § 1446(d).

| | |
|---|---|
| Dated: January 25, 2024 | DENTONS US LLP |
| | By: */s/ Joel D. Siegel*<br>Joel D. Siegel<br>Kelly R. Graf<br>Paul M. Kakuske<br>Pooja L. Shah |
| | Attorneys for Defendant<br>Nationwide Mutual Insurance Company |

125797867

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300